14509

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA
LAFAYETTE DIVISION

| | |
|---|---|
| EDWARD LEWIS | CIVIL ACTION NO.: |
| vs. | JUDGE: |
| BNSF RAILWAY COMPANY | MAGISTRATE: |

ORIGINAL COMPLAINT

Plaintiff, **EDWARD LEWIS**, a resident of and domiciled in the State of Louisiana, Parish of Lafayette, complaining of **BNSF RAILWAY COMPANY**, a foreign corporation doing business at all times material hereto within the State of Louisiana, respectfully represents that:

1.

This is an action for damages brought by Plaintiff, **EDWARD LEWIS**, under the Federal Employers' Liability Act. Additionally, Plaintiff brings this claim under a state law theory of premises liability. Being that the claim pursuant to the Federal Employers' Liability Act and the state law premises liability claim emanate from the same set of operative facts, Plaintiff seeks to have both claims heard in U.S. District Court. The Plaintiff will show that on or about December 11, 2013, he received serious and disabling injuries in the course and scope of his employment with Sun Coast Resources, while contracted out to and working at a railway yard owned by Defendant, **BNSF RAILWAY COMPANY**. The complained of injuries that the Plaintiff received were proximately caused by and resulted solely through the negligence of the Defendant, their master, agents, servants, and employees or because of the unsafe working conditions in the rail yard owned by Defendant.

2.

JURISDICTION

Jurisdiction is founded upon Federal Question (28 U.S.C. §1331) pursuant to the Federal Employers' Liability Act (45 U.S.C. § 51 et seq. ).  The state law premises liability claim may be heard under the supplemental jurisdiction of this federal court as provided for in 28 U.S.C. § 1367.

3.

Plaintiff, **EDWARD LEWIS**, is a person of the full age of majority, domiciled in the Parish of Lafayette in the State of Louisiana.

4.

Defendant, **BNSF RAILWAY COMPANY**, is a foreign corporation doing business in the State of Louisiana, with its principal business establishment in Louisiana located at 5615 Corporate Boulevard, Suite 400B, Baton Rouge, Louisiana 70808.  However, the acts which gave rise to this controversy all occurred at Defendant's rail yard located at 110 Sunbeam Lane, Lafayette, Louisiana 70506, in Lafayette Parish, and within the Western District of Louisiana.

5.

On or about December 11, 2013, Plaintiff, **EDWARD LEWIS**, was employed by Sun Coast Resources as a driver/ fueler and was contracted out to Defendant, **BNSF RAILWAY COMPANY**, to refuel trains owned and operated by Defendant, **BNSF RAILWAY COMPANY**, in a rail yard located at 110 Sunbeam Lane in Lafayette Parish that, under information and belief, was also owned by Defendant, **BNSF RAILWAY COMPANY**.

6.

The Defendant is liable unto Plaintiff for the injuries and damages he sustained on or about December 11, 2013 as a result of the negligent actions of the Defendants as set forth hereinafter.

7.

Specifically, on or about December 11, 2013, while attempting to refuel a train in Defendant's, **BNSF RAILWAY COMPANY**, rail yard, Plaintiff, **EDWARD LEWIS,** climbed on the track ballast (which was at an angle) in an attempt to refuel a train. While attempting to refuel the train, the rocks which make up the track ballast shifted, causing Plaintiff, **EDWARD LEWIS**, to stumble, lose his balance, and suddenly twist his back in an effort to regain his balance. The stumble and effort to catch his balance caused him to suffer severe and disabling injuries, including but not limited to, severe and debilitating injuries to his back.

8.

The Plaintiff's injuries have in the past required and may in the future require, certain medicines, medical care, treatment, and surgeries. Because of the accident, Plaintiff has in the past been and may in the future be disabled from performing his usual duties, occupation or trade pursuits, causing a loss of wages and earnings capacity.

9.

Defendant, **BNSF RAILWAY COMPANY**, has violated the Federal Employers' Liability Act. A proximate cause of the aforementioned accident and subsequent injuries to Plaintiff was a result of the following non-exclusive list of omissions and/or commissions on the part of the Defendant, **BNSF RAILWAY COMPANY**, to-wit:

 a. Failure to provide adequate tools and equipment in order for Plaintiff to complete his duties;
 b. Failure to properly supervise or instruct personnel regarding the construction of the area at issue in this matter;
 c. Creation of and/or failure to eliminate hazardous or unsafe conditions;
 d. Failure to observe unsafe conditions or defective designs;
 e. Failure to rectify the dangerous-hazardous condition;
 f. Failure to place any warnings–adequate or otherwise–in regard to the hazardous condition at issue;
 g. Failure to provide alternative means to accomplish the goal;
 h. Failure to provide Plaintiff with a safe place to work; and

      i.      Failure to do that which should have been done so as to avoid the accident in question.

10.

Additionally, Defendant, **BNSF RAILWAY COMPANY**, violated Louisiana premises liability law, specifically La. Civ. Code Art. 2317.1. Plaintiff's injuries were proximately caused by Defendant, **BNSF RAILWAY COMPANY**'s, breach of its duty to maintain a safe working environment in the following respects:

    a..    Creation of and/or failure to eliminate hazardous or unsafe conditions;
    b.     Failure to observe unsafe conditions or defective designs;
    c.     Failure to rectify the dangerous-hazardous condition;
    d.    Failure to place any warnings–adequate or otherwise–in regard to the hazardous condition at issue;

11.

Because Defendant, **BNSF RAILWAY COMPANY** violated the Federal Employers' Liability Act, it is liable to Plaintiff, **EDWARD LEWIS**, for General Tort Damages, including but not limited to general damages, medical expenses, lost wages, and all other remedies afforded under the Federal Employers' Liability Act.

12.

As a result of the foregoing incident, Plaintiff has experienced severe pain and suffering, mental anguish and anxiety, residual physical and mental impairment and disability entitling him to damages for such in an amount exceeding the jurisdictional minimum of $75,000.00 and reasonable as set by this Court.

13.

As a result of the aforementioned accident and subsequent injuries set forth herein, Plaintiff has in the past incurred medical expenses, including treatment for the injuries he sustained in this accident and anticipates more medical expenses in the future.

14.

At the time of the accident and injuries set forth herein, Plaintiff was gainfully employed as a driver/ fueler with Sun Coast Resources. As a result of the accident, injuries and described disability herein, Plaintiff has suffered economic loss consisting of past, present and future loss of wages and loss of earnings capacity in a reasonable amount set by this Court.

**WHEREFORE, PLAINTIFF, EDWARD LEWIS**, prays for judgment against said Defendant, condemning said Defendant to pay Plaintiff a sum set by this Honorable Court, together with interest and costs, and all other equitable relief.

**PLAINTIFF FURTHER PRAYS** for all legal interest from date of judicial demand until paid, all costs of these proceedings, all expert witness fees, all costs of medical reports, and all other just and equitable relief to which Plaintiff is entitled.

Respectfully submitted:

Galloway & Jefcoat, L.L.P.

_Rusty Galloway_
RUSTY GALLOWAY (#24100)
JASON A. WEAVER (#35582)
P. O. Box 61550
1925 Dulles Drive
Lafayette, Louisiana 70596
(337) 984-8020--telephone
(337) 984-7011--fax
*Attorneys for Plaintiff*

14509

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA
LAFAYETTE DIVISION

EDWARD LEWIS                                    CIVIL ACTION NO.:

vs.                                             JUDGE:

BNSF RAILWAY COMPANY                            MAGISTRATE:

---

VERIFICATION

PARISH OF LAFAYETTE

STATE OF LOUISIANA

BEFORE ME, Notary Public, personally came and appeared:

EDWARD LEWIS

who, after being duly sworn, did depose and say that he is the petitioner in the above and foregoing petition for damages, that he has read the petition, and that all of the allegations of fact contained therein are true and correct to the best of his knowledge, information and belief.

_____
EDWARD LEWIS

SWORN TO AND SUBSCRIBED, before me, this __6__ day of __October__, 2014.

_____
Notary Public
Rusty Galloway