UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA
LAFAYETTE DIVISION

| | |
|---|---|
| EDWARD LEWIS | CIVIL ACTION NO. 6:14-cv-02893 |
| VERSUS | MAGISTRATE JUDGE HANNA |
| BNSF RAILWAY COMPANY | BY CONSENT OF THE PARTIES |

## ORDER

Three motions are currently pending in this case:  the plaintiff's motion for summary judgment on the issue of FELA borrowed employee status (Rec. Doc. 28), the defendant's cross-motion for summary judgment on the same issue (Rec. Doc. 29), and the defendant's motion for judgment on the pleadings with regard to the preemption of the plaintiff's claims related to ballast (Rec. Doc. 32).  All three motions are opposed, and oral argument was held on all three motions on May 24, 2016.

A.    **The Motion for Judgment on the Pleadings**

Rule 12(c) of the Federal Rules of Civil Procedure states that a party may move for judgment on the pleadings after the pleadings are closed but early enough not to delay trial.  The standard for resolving a Rule 12(c) motion is the same as that used to resolve as Rule 12(b)(6) motion to dismiss.

A motion to dismiss for failure to state a claim, under Rule 12(b)(6) of the Federal Rules of Civil Procedure, is properly granted when a defendant attacks the complaint because it fails to state a legally cognizable claim.[1] When considering a motion to dismiss for failure to state a claim under Rule 12(b)(6), a district court must limit itself to the contents of the pleadings, including any attachments thereto.[2] The court must accept all well-pleaded facts as true, and it must view them in the light most favorable to the plaintiff.[3] However, conclusory allegations and unwarranted deductions of fact are not accepted as true,[4] and courts "are not bound to accept as true a legal conclusion couched as a factual allegation."[5]

To survive a Rule 12(b)(6) motion, the plaintiff must plead "enough facts to state a claim to relief that is plausible on its face."[6] The allegations must be sufficient

---

[1] *Ramming v. United States*, 281 F.3d 158, 161 (5th Cir. 2001).

[2] *Collins v. Morgan Stanley Dean Witter*, 224 F.3d 496, 498 (5th Cir. 2000).

[3] *In re Katrina Canal Breaches Litigation*, 495 F.3d 191, 205 (5th Cir. 2007) (internal quotations omitted), quoting *Martin K. Eby Constr. Co. v. Dallas Area Rapid Transit*, 369 F.3d 464, 467 (5th Cir. 2004); *Baker v. Putnal*, 75 F.3d 190, 196 (5th Cir. 1996).

[4] *Kaiser Aluminum & Chemical Sales v. Avondale Shipyards*, 677 F.2d 1045, 1050 (5th Cir. 1982), citing *Associated Builders, Inc. v. Alabama Power Company*, 505 F.2d 97, 100 (5th Cir. 1974); *Collins v. Morgan Stanley*, 224 F.3d at 498.

[5] *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007), quoting *Papasan v. Allain*, 478 U.S. 265, 286 (1986).

[6] *Bell Atlantic v. Twombly*, 127 U.S. at 570.

"to raise a right to relief above the speculative level,"[7] and "the pleading must contain something more . . . than . . . a statement of facts that merely creates a suspicion [of] a legally cognizable right of action."[8]  "While a complaint . . . does not need *detailed* factual allegations, a plaintiff's obligation to provide the grounds of his entitlement to relief requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do."[9]  If the plaintiff fails to allege facts sufficient to "nudge[ ][his] claims across the line from conceivable to plausible, [his] complaint must be dismissed."[10]

A claim meets the test for facial plausibility "when the plaintiff pleads the factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged."[11]  "[D]etermining whether a complaint states a plausible claim for relief . . . [is] a context-specific task that requires the reviewing court to draw on its judicial experience and common sense."[12]

---

[7] *Bell Atlantic v. Twombly,* 127 U.S. at 555.

[8] *Bell Atlantic v. Twombly,* 127 U.S. at 555, quoting 5 C. Wright & A. Miller, Federal Practice and Procedure § 1216, pp. 235-36 (3d ed. 2004).

[9] *Bell Atlantic v. Twombly*, 127 U.S. at 555 (citations, quotation marks, and brackets omitted; emphasis added).  See also *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009).

[10] *Bell Atlantic v. Twombly*, 127 U.S. at 570.

[11] *Ashcroft v. Iqbal*, 556 U.S. at 678.

[12] *Ashcroft v. Iqbal*, 556 U.S. at 679.

Therefore, "[t]he complaint (1) on its face (2) must contain enough factual matter (taken as true) (3) to raise a reasonable hope or expectation (4) that discovery will reveal relevant evidence of each element of a claim."[13]

In resolving the motion for judgment on the pleadings, this Court is constrained to consider only the content of the plaintiff's complaint. The complaint alleges that "while attempting to refuel a train in . . . [BNSF's] rail yard," the plaintiff "climbed on the track ballast (which was at an angle) . . . [and] the rocks which make up the track ballast shifted, causing [the plaintiff] to stumble, lose his balance, and suddenly twist his back in an effort to regain his balance." (Rec. Doc. 1 at 3). In opposing the motion for judgment on the pleadings, however, the plaintiff argued that it was not the characteristics of the ballast that caused the accident, but alleged that "the negligent act on the part of BNSF was ordering [the plaintiff] to fuel a train in an area where BNSF knew the ballast was at such an angle as to make embarking and disembarking from the train so cumbersome that it required a sturdy, standalone set of stairs in which to enter and exit the train." (Rec. Doc. 40 at 3). The plaintiff attached exhibits to his memorandum, which cannot be considered by this Court in ruling on the motion.

---

[13] *Lormand v. US Unwired, Inc.*, 565 F.3d 228, 257 (5th Cir. 2009), quoting *Bell Atlantic v. Twombly*, 127 U.S. at 556. See also *In Re Southern Scrap,* 541 F.3d 584, 587 (5th Cir. 2008).

This Court finds that, just as it would if a Fed. R. Civ. P. 12(b)(6) motion had been filed with regard to the ballast issue, the best course of action is to allow the plaintiff to amend his complaint to better articulate his negligence claim, particularly with regard to the ballast, the angle at which the ballast was laid, the location where the plaintiff was required to refuel the train at the time of the accident, and any other factors that the plaintiff contends allegedly created a negligent condition that caused or contributed to the cause of the accident. Accordingly,

IT IS ORDERED that the plaintiff shall, not later than June 23, 2016, file an amended complaint, setting forth factual allegations more clearly articulating the basis for his negligence claim.

IT IS FURTHER ORDERED that ruling on the pending motion for judgment on the pleadings (Rec. Doc. 32) is DEFERRED, pending the defendant's review of the plaintiff's amended complaint, at which time the defendant may withdraw, amend, or proceed with its motion for judgment on the pleadings.

B. **The Motions for Summary Judgment**

Under Rule 56(a) of the Federal Rules of Civil Procedure, summary judgment is appropriate when there is no genuine dispute as to any material fact, and the moving party is entitled to judgment as a matter of law. A fact is material if proof of its existence or nonexistence might affect the outcome of the lawsuit under the

applicable governing law.[14] A genuine issue of material fact exists if a reasonable jury could render a verdict for the nonmoving party.[15]

The party seeking summary judgment has the initial responsibility of informing the court of the basis for its motion and identifying those parts of the record that demonstrate the absence of genuine issues of material fact.[16] If the moving party carries its initial burden, the burden shifts to the nonmoving party to demonstrate the existence of a genuine issue of a material fact.[17] All facts and inferences are construed in the light most favorable to the nonmoving party.[18]

If the dispositive issue is one on which the nonmoving party will bear the burden of proof at trial, the moving party may satisfy its burden by pointing out that there is insufficient proof concerning an essential element of the nonmoving party's

---

[14] *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986); *Sossamon v. Lone Star State of Tex.*, 560 F.3d 316, 326 (5th Cir. 2009); *Hamilton v. Segue Software, Inc.*, 232 F.3d 473, 477 (5th Cir. 2000).

[15] *Brumfield v. Hollins*, 551 F.3d 322, 326 (5th Cir. 2008), citing *Anderson v. Liberty Lobby, Inc.*, 477 U.S. at 252; *Hamilton v. Segue Software, Inc.*, 232 F.3d at 477.

[16] *Washburn v. Harvey*, 504 F.3d 505, 508 (5th Cir. 2007), citing *Celotex Corp. v. Catrett*, 477 U.S. 317, 323 (1986).

[17] *Washburn v. Harvey*, 504 F.3d at 508.

[18] *Brumfield v. Hollins*, 551 F.3d at 326, citing *Matsushita Elec. Indus. Co. v. Zenith Radio*, 475 U.S. 574, 587 (1986).

claim.[19]   The motion should be granted if the nonmoving party cannot produce evidence to support an essential element of its claim.[20]

The parties' motions for summary judgment concern whether the plaintiff was BNSF's borrowed employee.  As set forth on the record during the oral argument, this Court is struggling with the inferences to be drawn on the cross-motions and while the borrowed employee issue presented in the cross-motions for summary judgment is itself an issue of law[21] it requires a series of underlying factual determinations to be made before it can be resolved.  This Court must decide whether those factual issues should be left to the jury.  Accordingly,

IT IS ORDERED that the motions for summary judgment (Rec. Docs. 28 and 29) are taken under advisement, and a ruling will be issued in due course.

Signed at Lafayette, Louisiana on this 24th  day of May 2016.

_____
PATRICK J. HANNA
UNITED STATES MAGISTRATE JUDGE

---

[19]   *Norwegian Bulk Transport A/S v. International Marine Terminals Partnership*, 520 F.3d 409, 412 (5th Cir. 2008), citing *Celotex Corp. v. Catrett*, 477 U.S. at 325.

[20]   *Condrey v. Suntrust Bank of Ga.*, 431 F.3d 191, 197 (5th Cir. 2005).

[21]   *Gaudet v. Exxon*, 562 F.2d 351, 357 (5th Cir. 1997)